DA 11-0424

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 319N

IN RE THE ADOPTION OF
D.H.

JARRID THOMAS WATKINS,

  Petitioner and Appellant,

 and

JOHN C. HARPER,

  Respondent and Appellee.

APPEAL FROM: District Court of the Fifth Judicial District,
      In and For the County of Jefferson, Cause No. DA 2011-01
      Honorable Loren Tucker, Presiding Judge

COUNSEL OF RECORD:

  For Appellant:

    Joan Hunter, Hunter Law Office, Helena, Montana

  For Appellee:

    John C. Harper, self-represented, Holdenville, Oklahoma

           Submitted on Briefs: December 7, 2011

              Decided: December 20, 2011

Filed:

    _____
         Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Jarrid Thomas Watkins (Watkins) appeals the District Court's order dismissing his petition for stepparent adoption and termination of parental rights. We affirm.

¶3 D.H. is the biological child of Vanessa Watkins (Vanessa) and Appellee John C. Harper (Harper). She was born in 2004. Vanessa and Harper married in 2005 and divorced in 2007. An Oklahoma state court finalized the divorce decree. The Oklahoma court also entered a joint custody arrangement for D.H.

¶4 The Oklahoma custody arrangement remained in effect the next several years despite some haggling among Vanessa and Harper. The Oklahoma court granted physical custody of D.H. to Vanessa. Vanessa eventually moved to Montana with D.H. Vanessa married Watkins in 2009. D.H. lives with Vanessa and Watkins in Jefferson County, subject to a parenting plan imposed by the Oklahoma court. The revised Oklahoma parenting plan provides for some visitation by Harper. The Oklahoma court also imposed a child support obligation on Harper of $416.76 per month.

¶5 Watkins filed a petition for stepparent adoption and termination of parental rights in the District Court for the Fifth Judicial District, Jefferson County, in 2011. Vanessa joined in the petition and consented to the adoption. The petition alleges that Harper "has failed to

2

pay child support in excess of twelve (12) months, is an unfit parent and it is in the child's best interest that his parental rights be terminated." The court originally set a hearing on the petition for April 6, 2011. Harper requested a continuance and the court reset the matter for May 18, 2011.

¶6 D.H. was scheduled to go to Oklahoma on April 21, 2011, for a visitation with Harper. Watkins filed a motion to stay that parenting schedule with his original petition. Vanessa filed a supporting affidavit in which she expressed concern that D.H. would not be returned. The District Court denied the motion.

¶7 Watkins filed a second motion to stay the visitation on April 12, 2011. This time Watkins attached an affidavit from D.H.'s counselor in which the counselor stated that parenting time between D.H. and Harper would be detrimental to D.H. Harper e-filed a series of documents in which he asserted that he had become current in his child support, that he would return D.H. to Montana at the end of the visitation, and that he was entitled to his parenting time. The court denied this second motion for stay of the parenting schedule. The court further announced that Watkins could not "file additional documents to terminate parental rights or for adoption except upon leave granted by the Court."

¶8 Watkins then filed a petition to reinstate the petition for termination of parental rights and for stepparent adoption. Watkins included records from the State of Oklahoma's child support enforcement division. The District Court refused to reinstate the petition and dismissed it with prejudice. Watkins appeals.

3

¶9     Watkins argues on appeal the District Court improperly denied his petition without a hearing as required by § 42-2-608(h), MCA. Watkins argues that he was prepared to present sufficient evidence at a hearing to satisfy Harper's unfitness.

¶10     We review for an abuse of discretion a district court's decision to terminate, or in this case, not to terminate parental rights. *In re Adoption of B.W.Z.-S.*, 2009 MT 433, ¶ 10, 354 Mont. 116, 222 P.3d 613. A district court must make findings of fact and conclusions of law to support any decision to terminate parental rights. We review any findings of fact made by a district court to determine whether they are clearly erroneous and we review conclusions of law made by a district court to determine if they are correct. *Adoption of B.W.Z.-S.*, ¶ 10.

¶11     The District Court declined to terminate Harper's parental rights. The District Court entered no findings of fact or conclusions of law. The District Court's order states simply that Watkins's assertions about a "purported paternal vacuum in D.H.'s life have not been borne out by the facts." The court's order further notes that the district judge in Oklahoma confirmed that Oklahoma has exercised jurisdiction over this dispute, that the parties are embroiled in litigation regarding D.H., and that Oklahoma should continue to exercise its jurisdiction to the exclusion that jurisdiction is exercised by Montana. The District Court agreed with the determination of the Oklahoma judge.

¶12     We note the permissive nature of § 42-2-608, MCA. The statute provides the district court may, if it sees fit, remove the parental rights of a parent on the grounds of unfitness. *Adoption of B.W.Z.-S.*, ¶ 16. The permissive nature of the statute, combined with the fundamental nature of a parent's right to parent a child, requires that a district court deny a

4

petition to terminate parental rights unless clear and convincing evidence requires otherwise. *Adoption of B.W.Z.-S.*, ¶ 16. In light of this high standard, we have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provides for memorandum opinions. It is manifest on the face of the briefs and record before us that the District Court did not abuse its discretion in denying the petition.

¶13 Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JAMES C. NELSON